U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 7 2014
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL BOYD, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | No. 4:13-CV-443-A |
| | § | (Consolidated with |
| CITY OF RIVER OAKS, TEXAS, | § | No. 4:13-CV-511-A) |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion to dismiss pursuant to Rules 8, 9, and 12(b)(6) of the Federal Rules of Civil Procedure, and alternative motion for more definite statement, filed in the above action by defendant J.C.W. Electronics Inc. ("JCW"). Having considered the motion, plaintiffs'[1] response, the Consolidated Amended Complaint, and the applicable legal authorities, the court concludes that the motion to dismiss should be granted, and the motion for more definite statement should be denied as moot.

---

[1] Plaintiffs are Michael Boyd, individually and as heir of Christine Sexton, deceased; Sarah-Raspberry Epiphany Farmer, by and through her next friend, Troy Farmer; Thomas Sexton, individually and as heir of Christine Sexton; Judy Ernst, individually and as heir of Christine Sexton; and the Estate of Christine Sexton, by and through Thomas Sexton.

I.

## Background

Two groups of plaintiffs initiated separate actions against the various defendants. The parties moved to consolidate the cases, which the court granted on July 17, 2013, and ordered the parties to file a consolidated amended complaint that combined all claims and causes of action by all plaintiffs against all defendants. Plaintiffs then filed their Consolidated Amended Complaint. The factual background of this action, as alleged in the Consolidated Amended Complaint, is set forth in the memorandum opinion and order signed January 16, 2014, and the court adopts by reference in this memorandum opinion and order the factual allegations described on pages 2-6 of the January 16, 2014 memorandum opinion and order.

II.

## Grounds of JCW's Motion and Plaintiffs' Response

Against JCW, the Consolidated Amended Complaint alleged claims and causes of action for negligence, breach of implied warranty, breach of express warranties, strict liability, and misrepresentation. The essence of JCW's motion is that plaintiffs have failed to allege any factual allegations to support any of the causes of action against it. Instead, JCW contends that all of the causes of action against it assert legal

conclusions, as opposed to facts.

In their response, plaintiffs state simply that they "stand on their pleadings," which they contend meet the requirements of the applicable Federal Rules of Civil Procedure.

### III.

### Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual

3

allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. at 678 (citing Twombly, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

IV.

Application of Law to Facts

A. All Claims Against JCW are Dismissed

In its motion, JCW first argues generally that plaintiffs have failed to allege any factual allegations against it that meet the requirements of Iqbal and Twombly. JCW then outlines the elements of each specific cause of action asserted against it and argues that plaintiffs have failed to allege facts to support any of those elements. The court could discuss in detail each of these claims and causes of action and the specific grounds for dismissal argued by JCW in its motion. However, the court finds that dismissal is warranted as to each cause of action for

4

essentially the same reason: no facts are alleged in the Consolidated Amended Complaint as would support any such claims or causes of action against JCW.

After being identified on pages 2 and 3 of the Consolidated Amended Complaint as a defendant in this action, JCW is not mentioned again until page 8, where plaintiffs allege that the "telephone in question was owned and operated by Defendants JCW as part of a joint venture with" defendant City of River Oaks, Texas. Consol. Am. Compl. at 8. Not a single fact is pleaded in the Consolidated Amended Complaint that describes any action or failure to act by JCW that could support any of the causes of action against it. Instead, under each of the headings identifying the claims and causes of action against JCW, plaintiffs have offered nothing more than bare legal conclusions. While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." Iqbal, 556 U.S. at 679 (citation omitted). However, legal conclusions, and a "formulaic recitation of the elements of a cause of action," are all that the Consolidated Amended Complaint directs at JCW. Iqbal, 556 U.S. at 678. The court finds that plaintiffs have failed to allege anything as to JCW that would raise a right to relief up to, much less above, the speculative level. See Bell Atl., 550 U.S. at 555.

B.   Request to Replead

In their response to JCW's motion to dismiss, plaintiffs asks that they be permitted to replead. Rule LR 10.1(a) of the Local Civil Rules of the United States District Court for the Northern District of Texas requires that each motion must "(a) contain on its face a title clearly identifying each included pleading, motion, or other paper; . . . ." The response to JCW's motion to dismiss does not indicate on its face that it includes a motion or request to replead. Plaintiffs also did not inform the court of the additional facts they could plead to correct the deficiencies in the Consolidated Amended Complaint, and they did not attach to the response a proposed amended Consolidated Amended Complaint.

In the July 17, 2013 consolidation order, the court ordered plaintiffs to file an amended complaint. In response, the two sets of plaintiffs each filed a separate amended complaint. The court then ordered the parties to file a single, consolidated amended complaint. Plaintiffs have thus had multiple opportunities to amend their pleadings, and even had the benefit of prior motions to dismiss filed by other defendants to alert them to potential problems with their pleadings. Presumably by this point plaintiffs have pleaded their best case. The court can see nothing to be gained by giving plaintiffs yet another

6

bite at the apple. Under these circumstances, the court is not permitting plaintiffs to replead. <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 551 (5th Cir. 2010).

V.

<u>Order</u>

Therefore,

The court ORDERS that JCW's motion to dismiss be, and is hereby, granted, and all of plaintiffs' claims and causes of action against JCW be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

The court further ORDERS that JCW's motion for more definite statement be, and is hereby, denied as moot.

The court further ORDERS that the caption of this action be amended by removing J.C.W. Electronics Inc. from the title, so that from this point forward, the title shall read: "Michael Boyd, et al., Plaintiffs, v. City of River Oaks, Texas, Defendant."

SIGNED May 6, 2014.

_____
JOHN McBRYDE
United States District Judge